T.C. Memo. 2002-282

UNITED STATES TAX COURT

TAN DANG & KE T. CHAW DANG, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6715-00.             Filed November 14, 2002.

<u>Joyce Rebhun</u>, for petitioners.

<u>Michael W. Berwind</u>, for respondent.

MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  This matter is before the Court on
petitioners' motion for litigation costs under section 7430 and
Rule 231.  After concessions, the issues for decision are:

1.  Whether respondent's position in the underlying
proceeding was substantially justified.  We hold that it was not.

2. Whether petitioners are entitled to an award of attorney's fees at an hourly rate higher than $140. We hold that they are not.

The parties submitted memoranda and affidavits supporting their positions. We decide the motion based on those memoranda and affidavits. We conclude that a hearing is not necessary to decide this motion. Rule 232(a)(2).

Section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

A. Petitioners

Petitioners are husband and wife who resided in California when they filed the petition.

B. Dang v. Commissioner, T.C. Memo. 2002-117

Petitioners owned a grocery store (Manwah) that was failing in 1995, 1996, and 1997. About half of the purchases at Manwah were made with food stamps. Manwah was located in an economically depressed area of Los Angeles. Six of the seven grocery stores in that area had closed by the time of trial.

Petitioners gave respondent's agent daily summaries or tapes of Manwah's sales for 331 days for 1995, 6 months for 1996, 9 months for 1997, and all of 1998.

The following table shows the costs of goods sold and gross receipts petitioners reported, and the amount of gross receipts determined by respondent:

| Year | Costs of goods sold reported by petitioners | Gross receipts reported by petitioners | Gross receipts determined by respondent |
|------|------|------|------|
| 1995 | $869,270 | $1,088,298 | $1,123,087 |
| 1996 | 862,277 | 1,074,289 | 1,111,182 |
| 1997 | 881,352 | 1,077,288 | 1,118,467 |

Respondent determined that petitioners understated Manwah's gross receipts solely by applying Dun & Bradstreet average gross profit percentage data for U.S. grocery stores with annual gross receipts of up to $1 million to their reported costs of goods sold. Respondent's agent also estimated Manwah's gross receipts by annualizing the amounts shown on daily records that petitioners had given him, but the record does not show the results of that analysis. Finally, respondent's agent used some of petitioners' records to estimate the markups of an unknown number of unspecified products sold in Manwah in 1998. However, as stated above, respondent's determination was based solely on Dun & Bradstreet average gross profit data. In Dang v. Commissioner, T.C. Memo. 2002-117, we held that the Dun & Bradstreet data did not provide a reliable basis to estimate gross profit percentages because petitioners' store was below average.

C.    Petitioners' Litigation Costs

Petitioners incurred attorney's fees for services performed in the underlying case from January 20, 2000, to July 8, 2001, as follows:

| Date | Attorney services | Attorney hours |
|------|-------------------|----------------|
| Jan. 20, 2000 | Filed petition | 2.46 |
| July 2, 2000 | Developed case | 6.00 |
| Mar. 4, 2001 | Prepared for trial | 2.00 |
| Apr. 3, 2001 | Prepared for trial | 6.00 |
| May 2, 2001 | Tried case | 4.00 |
| June 4, 2001 | Prepared brief | 10.00 |
| July 8, 2001 | Prepared brief | 4.00 |
| Total hours | | 34.46 |
| Multiplied by the attorney's hourly rate | | $285.00 |
| Total hourly fees | | [1]9,821.10 |
| | | |
| Client costs for copying respondent's files | | $151.00 |
| Client costs for filing petition | | 60.00 |
| Total costs | | 10,032.10 |

[1] Petitioners attached to their motion a document entitled "Billing Schedule" which erroneously stated that the total hourly costs of 34.46 hours at $285 per hour was $9,761.

### Discussion

A.    Motion for Litigation Costs

Generally, a taxpayer who has substantially prevailed in a Tax Court proceeding may be awarded reasonable litigation costs. Sec. 7430(a), (c).[1]  To be entitled to an award, the taxpayer must:

---

[1]  We apply sec. 7430 as amended by sec. 3101 of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685, 727, effective for costs incurred or services performed after Jan. 18, 1999.  Sec. 7430 was amended most recently by the Community Renewal Tax Relief Act of 2000 (CRTRA 2000), Pub. L. 106-554, sec. 319(25), 114 Stat. 2763A-647, effective Dec. 21, 2000.  The petition was filed on June 15, 2000, and thus the CRTRA 2000 amendment (which was purely clerical in nature) does not apply here.

1. Exhaust administrative remedies. Sec. 7430(b)(1). Respondent concedes that petitioners meet this requirement.

2. Substantially prevail with respect to the amount in controversy. Sec. 7430(c)(4)(A)(i)(I). Respondent concedes that petitioners substantially prevailed.

3. Be an individual whose net worth did not exceed $2 million when the petition was filed. Sec. 7430(c)(4)(A)(ii); 28 U.S.C. sec. 2412(d)(2)(B) (1988). Petitioners meet this requirement.

4. Not unreasonably protract the proceedings. Sec. 7430(b)(3). Respondent concedes that petitioners meet this requirement.

5. Establish that the amount of costs and attorney's fees claimed are reasonable. Sec. 7430(a), (c)(1). Respondent concedes that the number of attorney hours and other costs claimed by petitioners are reasonable.

The taxpayer is not entitled to an award for reasonable litigation costs if the Commissioner shows that the position of the United States in the proceeding was substantially justified. Sec. 7430(c)(4)(B)(i).

B.   Whether Respondent's Position Was Substantially Justified

1.   Background

The parties dispute whether respondent's position in the underlying proceeding was substantially justified.

The Commissioner's position is substantially justified if that position could satisfy a reasonable person.  Pierce v. Underwood, 487 U.S. 552, 565 (1988).  To be substantially justified, the Commissioner's position must have a reasonable basis in both fact and law.  Id.; Hanover Bldg. Matls., Inc. v. Guiffrida, 748 F.2d 1011, 1015 (5th Cir. 1984); Powers v. Commissioner, 100 T.C. 457, 470, 473 (1993), affd. on this issue, revd. in part and remanded on other issues 43 F.3d 172 (5th Cir. 1995).  A position has a reasonable basis in fact if there is relevant evidence which a reasonable person might accept as adequate to support a conclusion.  Pierce v. Underwood, supra at 565.  For a position to be substantially justified, there must be substantial evidence to support it.  Id. at 564-565; Powers v. Commissioner, supra at 473.

2.   Whether Respondent Had a Reasonable Basis in Fact

Respondent contends that respondent reasonably used statistical data to estimate Manwah's gross receipts because petitioners lacked complete records for the years in issue, and that the Dun & Bradstreet average gross receipts data provided a reasonable basis for respondent's estimate of Manwah's gross receipts.  It is clear that the Commissioner may, in the absence of records, use a reasonable method to reconstruct a taxpayer's income.  Holland v. United States, 348 U.S. 121, 131 (1954).

However, respondent's use of statistical data here was not reasonable because Manwah was clearly below average.

Respondent relies on Estes v. Commissioner, T.C. Memo. 2000-96, in which we held that the Commissioner's reconstruction of the taxpayers' income based on partial records provided by the taxpayers was reasonable. However, unlike the situation in Estes v. Commissioner, supra, where the determination was based primarily on partial records provided by the taxpayers, respondent's method of reconstruction in the instant case relied too little on petitioners' records and too much on statistical data from noncomparable stores.

3.  Conclusion

We conclude that respondent lacked a reasonable basis in fact for respondent's position that petitioners understated Manwah's gross receipts for the years in issue. The substantially justified standard requires that respondent's position have a reasonable basis in both law and fact. Pierce v. Underwood, supra at 565. Thus, respondent's position in this case was not substantially justified, and petitioners are entitled to an award for reasonable litigation costs.

C.  Whether the Attorney's Fees and Costs Claimed Are Reasonable

Petitioners seek an award of attorney's fees and miscellaneous costs totaling $10,032.

1.   <u>Applicable Hourly Rate for Attorney's Fees</u>

The parties dispute whether "special factors" are present which warrant reimbursement at an hourly rate above $140. Section 7430(c)(1)(B)(iii) provides an hourly rate for attorney's fees of $125, adjusted based on increases in the cost of living since 1996.  The hourly rate for 2000 and 2001 is $140.  Rev. Proc. 2001-13, sec. 3.26, 2001-1 C.B. 341; Rev. Proc. 99-42, sec. 3.26, 1999-2 C.B. 572; see <u>Human v. Commissioner</u>, T.C. Memo. 1998-65.  That rate applies unless a special factor is present that justifies a higher rate.

2.   <u>Whether a Special Factor Is Present</u>

A special factor, such as the limited availability of qualified attorneys for the proceeding, the difficulty of the issues in the case, or the local availability of tax expertise,[2] may justify payment of a higher hourly rate.  Sec. 7430(c)(1)(B)(iii); Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3101(a), 112 Stat. 727; see H. Conf. Rept. 105-599, at 242-244 (1998), 1998-3 C.B. 747, 996-998; S. Rept. 105-174, at 47-49 (1998), 1998-3 C.B. 537, 583-585; H. Rept. 105-364 (Part 1), at 57-59 (1997), 1998-3 C.B. 373,

---

[2] There is no evidence relating to whether there is limited availability of qualified attorneys for the proceeding or the local availability of tax expertise, nor do petitioners make any argument based on those factors.

429-431. Petitioners contend that special factors are present that justify an award of attorney's fees at a rate higher than $140 per hour.

Tax expertise, in itself, is not necessarily a special factor in a tax case. Cassuto v. Commissioner, 936 F.2d 736, 743 (2d Cir. 1991), affg. on this issue, revg. in part and remanding on other issues 93 T.C. 256 (1989); Bode v. United States, 919 F.2d 1044, 1051 (5th Cir. 1990); Regimbal v. United States, 88 AFTR 2d 2001-5330, 2001-2 USTC par. 50,583 (E.D. Wash. 2001) (applying post-1998 law, tax expertise is not a special factor). Petitioners contend that petitioners' counsel's unique background warrants an award of fees at a rate higher than $140. We disagree. Rebhun has a bachelor of arts degree with highest honors, a law degree, a master's degree in business administration, and a doctorate. She is a certified public accountant, and she has been the subject of articles in the New York Times, Los Angeles Times, Los Angeles Daily Journal, Washington Post, Chicago Sun-Times, Money, Glamour, Savvy Woman, and Sylvia Porter's Personal Finance. Those articles describe Rebhun as a "tax therapist" who helps people with emotional problems to deal with the Internal Revenue Service.

Neither Rebhun's education nor the fact that she has been recognized as a "tax therapist" in several magazine and newspaper articles warrants our finding that a special factor is present.

This case did not appear to require those skills in order for petitioners to prevail.  Publicity that Rebhun received from the articles apparently did not play any role in the underlying litigation.  The issues in the underlying case were not particularly difficult.  We do not minimize Rebhun's accomplishments in this case, but winning a case does not automatically mean a special factor is present.  We find that no special factor is present which justifies an award of attorneys' fees at an hourly rate greater than $140.

D.   Conclusion

Respondent concedes that Rebhun spent a reasonable amount of time on the underlying case.  We award petitioners attorney's fees of $4,824.40 (34.46 hours at $140 per hour), and costs of $60 for filing the petition and $151 for photocopying of respondent's files.

To reflect the foregoing,

An appropriate order and decision will be entered.